IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JUDY K. LUX                                                                                       PLAINTIFF

VS.                                         CIVIL NO. 06-2071

MICHAEL J. ASTRUE[1], COMMISSIONER
SOCIAL SECURITY ADMINISTRATION                                                DEFENDANT

## MEMORANDUM OPINION

Judy Lux ("plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Act.

**Background:**

The applications for DIB and SSI now before this court were filed on February 23, 2004, alleging an onset date of November 15, 1997,[2] due to a learning disability, diabetes, back problems, high blood pressure, thyroid problems, and high cholesterol. (Tr. 14, 53-55). An administrative hearing was held on March 29, 2005. (Tr. 608-633). Plaintiff was present and represented by counsel.

The ALJ issued a written decision on January 11, 2006, finding that, although severe within the meaning of the Regulations, plaintiff's impairments did not meet or medically equal an impairment contained in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No.

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] Records indicate that plaintiff had filed previous applications for benefits in 1980 and 1996. However, both were denied at the initial level without further appeal.

4. (Tr. 25). The ALJ then determined that plaintiff retained the residual functional capacity ("RFC") to perform medium level work. However, due to mental limitations, he determined that she could perform work where the interpersonal contact is incidental to the work performed, the complexity of the tasks is learned and preformed by rote with few variables and little judgment required, and the supervision required is simple, direct, and concrete. With the assistance of a vocational expert ("VE"), the ALJ then concluded that plaintiff could return to her past relevant work ("PRW") as a riveting machine operator. (Tr. 26).

At the time of the ALJ's decision, plaintiff was forty years old and possessed an eighth grade education. (Tr. 14). The record reveals that she has PRW as a certified nurse's assistant and a riveting machine operator. (Tr. 14).

On May 25, 2006, the Appeals Council declined to review this decision. (Tr. 4-6). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Although both parties were afforded an opportunity to file appeal briefs, plaintiff has chosen not to do so. The case is now ready for decision.

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the

Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)- (f)(2003). Only if the final

stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920 (2003).

**Discussion:**

In the present case, plaintiff presented additional medical evidence to the Appeals Council, which was considered prior to their denial of review. (Tr. 5-10). When the Appeals Council has considered new and material evidence and has, nonetheless, declined review, the ALJ's decision becomes the final action of the Commissioner. At this point, our task is only to decide whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence deemed material by the Appeals Council that was not before the ALJ. As the United States Court of Appeals for the Eighth Circuit has noted, "this [is] a peculiar task for a reviewing court." *Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir. 1994). However, once it is clear that the Appeals Council considered the new evidence, then we must factor in the evidence and determine whether the ALJ's decision is still supported by substantial evidence. This requires us to speculate on how the ALJ would have weighed the newly submitted evidence had they been available at the initial hearing. *Flynn v. Chater*, 107 F.3d 617, 622 (8th Cir. 1997). Thus, we have endeavored to perform this function with respect to the newly submitted evidence. *Id.*; *Mackey v. Shalala*, 47 F.3d 951, 953 (8th Cir. 1995).

In the present case, plaintiff submitted additional medical records to the Appeals Council consisting of 166 pages of emergency room records dated between January 16, 2005, and October 28, 2005. (Tr. 3, 441-607). A review of these records reveals that plaintiff sought continued

treatment for migraine headaches and back pain. (Tr. 441-607). Further, she was repeatedly given Demerol, Stadol, Tramadol, Dilaudid, Robaxin, or Nubain injections for pain, as well as prescriptions for Lortab/Vicodin. As we believe this information would have impacted the ALJ's decision in this matter, the case should be remanded to allow the ALJ to take these records into consideration in determining plaintiff's RFC.

We note the ALJ's previous dismissal of emergency room records on the basis that plaintiff had failed to report her ER visits to her doctors at the AHEC Family Medical Center. (Tr. 21). This is not, however, a proper reason to discount emergency room records. At the hearing, plaintiff testified that she experienced a migraine headache every seven to ten days. (Tr. 622). The medical evidence reveals that plaintiff was treated in the emergency room for migraine headaches and back pain on at least twenty occasions since June 4, 2004. (Tr. 142-167, 268-299, 301-344). *See Reeder v. Apfel*, 214 F.3d 984, 988 (8th Cir. 2000)(holding that the ALJ is not free to ignore medical evidence, rather must consider the whole record). Accordingly, on remand, the ALJ is directed to properly consider all of the emergency room records concerning plaintiff's treatment.

**Conclusion:**

Based on the foregoing, we reverse the ALJ's decision and remand this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

ENTERED this <u>3rd</u> day of May 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE